STATE OF NORTH CAROLINA v. EDWARD EARL STEPPE

No. 7326SC509

(Filed 25 July 1973)

1. Criminal Law § 66— identification of defendant — in-court identification proper despite improper conclusion on voir dire

Though the trial court's conclusions based on a *voir dire* examination were not entirely proper as the findings of fact were not based exclusively on *voir dire* testimony, still there was no prejudicial error in allowing a witness's in-court identification of defendant, since there was evidence that the witness had ample opportunity to observe defendant at the crime scene and there was no evidence showing a possibility of misidentification through suggestiveness of pretrial photographic identification.

2. Criminal Law § 66— identification of defendant — witness standing in front of defendant

Trial court in a breaking and entering case did not err in allowing a witness to stand in front of defendant to show how far from defendant he was at the scene of the crime.

3. Criminal Law § 89— prior inconsistent statement of witness — admissibility

Trial court properly admitted, with limiting instructions, evidence of a prior inconsistent statement of a witness relating to a matter pertinent and material to the inquiry, the defendant's alibi.

ON *certiorari* to review the order of *Wood, Special Judge,* 13 November 1972 Session of MECKLENBURG County Superior Court.

Defendant was tried on a proper bill of indictment charging him with felonious breaking and entering and larceny. The jury found him to be guilty of both offenses, and he was sentenced to two concurrent terms of imprisonment for 7 to 10 years.

The State presented evidence to the effect that on the morning of 25 January 1972 at about 8:30 a.m. Mr. Ben Kirkland locked his home in Charlotte, North Carolina, and drove to his place of employment. Upon returning to his home at about 10:45 he noticed something move inside his garage, the doors to which were closed. Through a window in the garage door Kirkland saw a face looking at him; inside the garage was a tan-colored Cadillac which was not Kirkland's automobile.

When the person inside the garage attempted to open the garage door, Kirkland, from the outside, attempted to hold the door closed. Kirkland was overpowered, the door opened, and a second man started the Cadillac backing out of the garage. The man at the door of the garage made some threatening gestures toward Kirkland; jumped into the Cadillac, which then backed down the driveway, and left.

A window on the back door of the house had been broken, drawers inside the house were in disarray, and Kirkland discovered missing two cameras.

Kirkland had an opportunity to view the man at the garage door, but not the driver of the automobile. He also recorded the license number of the automobile. On the afternoon of 25 January Kirkland was shown by police officers photographs of 15 to 20 individuals whose physical descriptions generally were similar to that of the person he saw at his home. The police made no suggestion with respect to any of the photographs, and Kirkland picked out the defendant's picture. Additionally, the license number of the automobile in Kirkland's garage was registered to defendant's tan Cadillac.

*Attorney General Robert Morgan by Associate Attorney Emerson D. Wall for the State.*

*Whitfield and McNeely by Richard P. McNeely for defendant appellant.*

CAMPBELL, Judge.

[1]  Defendant assigns as error the in-court identification by Kirkland and contends particularly that the trial court's conclusions of law on *voir dire* are improper as the findings of fact are not based entirely on *voir dire* testimony. The record does indicate that the only witness to testify on *voir dire* was Kirkland, but that the court's findings of fact include facts testified to by police officers, whose testimony was taken before the jury *after* the *voir dire* examination had been concluded. While the court's findings based on the *voir dire* are not entirely proper, still there has been committed no prejudicial error.

Early in his testimony, after having described the events taking place in his driveway and garage, Kirkland testified without objection that: "The man that I saw in the window and the man that was tugging on the other side of the door from me raising and lowering it is in the Courtroom at this time. The defendant, the man in the blue shirt to the left is that man." As Kirkland was about to relate some conversation that he heard, defendant's counsel objected on the ground that it had not been established whether the speaker was the defendant, or the other man still unidentified. In response to questioning by the court, Kirkland again testified without objection that the defendant was the man he saw at the garage door.

Absent a timely objection to the identification testimony and request for a *voir dire* hearing thereon, it is not error for the trial court to receive such testimony and proceed with the trial. *State v. Cook*, 280 N.C. 642, 187 S.E. 2d 104 (1972). Nevertheless, there is evidence that the witness had ample opportunity to observe the defendant, and there is no evidence showing a possibility of misidentification through suggestiveness of pretrial photographic identification. The evidence is proper and quite sufficient to warrant submission of the case to the jury.

[2]  There was no error in the court's allowing the witness to stand in front of the defendant to show how far from the defendant he was at the time of the garage door scuffle. See *State v. Cook, supra,* in which the prosecuting witness was allowed to identify the defendant by placing her hand on his shoulder.

[3]  Defendant's wife testified on his behalf to the effect that on the morning of 25 January he had not driven the Cadillac. The State was allowed to put into evidence rebuttal testimony

of a police officer who had spoken to defendant's wife on the morning of the 25th of January that she had stated that her husband had driven the Cadillac on that morning.

This rebuttal testimony was properly admitted with limiting instructions. The testimony related to matter pertinent and material to the inquiry, the defendant's alibi. *State v. Mack*, 282 N.C. 334, 193 S.E. 2d 71 (1972).

With respect to defendant's other assignments of error, we find no merit. Defendant has had a fair trial free of prejudicial error.

No error.

Judges HEDRICK and BALEY concur.